2020 IL App (1st) 200631-U

FIFTH DIVISION
Order filed: April 27, 2020

No. 1-20-0631

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 19 CR 14701 |
| | ) | |
| | ) | |
| DEVONTE FITZPATRICK, | ) | Honorable |
| | ) | Sophia Atcherson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The State conceded that the procedure set forth in section 110-6.1 of the bail statute (725 ILCS 5/110-6.1 (West 2018)) was not complied with prior to the circuit court's orders denying the defendant bail. As a consequence, we vacate the circuit court's no bail orders, reverse the denial of the defendant's motion to reconsider, and remand the matter to the circuit court for further proceedings.

¶ 2    This case is before us on the motion of the defendant, Devonte Fitzpatrick, pursuant to Illinois Supreme Court Rule 604(c) (eff. July 1, 2017) for review of the circuit court's orders denying him release on bail and the denial of his motion for reconsideration. For the reasons which follow, we vacate the circuit court's orders denying the defendant release on bail, reverse the denial of his motion for reconsideration, and remand the matter to the circuit court for further proceedings consistent with this order.

¶ 3    On October 2, 2019, the defendant was arrested and charged with Unlawful Use of a Weapon by a Felon and Aggravated Unlawful Use a Weapon, both Class 2 felonies. On that same day, the defendant appeared for a bond hearing before Judge Susana L. Ortiz. At that hearing, the State proffered that the police had received a call of a person with a gun along with a description of the individual. The officers observed the defendant, who matched the description they had been given, in a large group. After the officers observed a bulge protruding from the defendant's pants, they exited their vehicle and approached the defendant. At which time, the defendant fled. The officers gave chase and apprehended the defendant. On the defendant's path of flight, the officers recovered a loaded Smith and Wesson M&P bodyguard handgun. The defendant did not have a valid Illinois Firearm Owner's Identification Card or an Illinois Concealed Carry License. The defendant's criminal history revealed that in 2013 he had been convicted of possession of a controlled substance, in 2014 he was convicted of unlawful use of a weapon by a felon and sentenced to 3 years' incarceration, and in 2017 he was convicted of possession of a controlled substance and sentenced to 30 months' incarceration. The pretrial service officer informed the court that the defendant's score on a public safety assessment was 4 on a scale of 5 for new criminal activity and 5 on a scale of 5 for failure to appear in court. In mitigation, the assistant public defender representing the defendant advised the court that: the

defendant was a lifelong resident of Cook County who had been living with his grandmother in Chicago for the past 3 years; he is the father of two children; and he was currently enrolled at Kennedy King College, pursuing a GED certificate. Defense counsel advised the court that the defendant's family could post a $200 bond and requested that a bond be set in that amount with electronic monitoring. The trial court ordered that the defendant be held without bail, stating that it "[did] not find that any amount of bond, least restrictive condition or combination of conditions will protect the community from this defendant as a convicted felon being in possession of a loaded firearm." The trial court went on to find that the defendant posed a "clear and present danger to the safety of the community."

¶ 4    On November 14, 2019, the defendant's case was assigned to Judge Neera Walsh. Defense counsel made an oral motion for bond which was denied.

¶ 5    On March 20, 2020, due to the COVID-19 outbreak, the Public Defender's office filed an "Emergency Petition for Immediate Release of Persons Detained in the County Jail Who Did Not Need to be Confined There." The defendant was included in that motion. On March 24, 2020, Judge Walsh refused to alter the defendant's no-bail order and continued the matter to April 28, 2020.

¶ 6    On April 1, 2020, the defendant's counsel filed a "Verified Motion to Reconsider and Reduce Bond." That motion was heard on April 6, 2020, before Judge Sophia Atcherson. Defense counsel provided the court with additional mitigation. In denying the defendant's motion, Judge Atcherson stated: "Based on the nature of the offenses, the fact that this motion was previously heard – this is, essentially, then, a motion to reconsider the ruling of Judge Walsh whose call this appears on – so the motion to reconsider is denied."

¶ 7    On April 24, 2020, at 10:55 a.m., the defendant filed, in this court, a "Motion to Reduce Bail Pursuant to Supreme Court Rule 604(c)," requesting we review and reduce the no-bail order previously set in this case.  The defendant argues that the procedural requirements set forth in section 110-6.1 of the bail statute (725 ILCS 5/110-6.1 (West 2018)) must be complied with prior to the entry of the circuit court's no-bail orders in this case were not met. He contends that, prior to the entry of the no-bail orders, the State failed to file a verified petition seeking a hearing to determine whether bail should be denied as required by section 110-6.1(a) of the bail statute (725 ILCS 5/110-6.1(a) (West 2018)).  In addition the defendant asserts that he suffers from asthma, and as a consequence, his health is at risk due to the COVID-19 outbreak if he remains in the Cook County jail.  The defendant requests that this court vacate the no-bail orders and reduce his bail to a $50,000 personal recognizance bond, or alternatively, either reduce his bail to a $50,000 personal recognizance bond with electronic and GPS monitoring or set a reasonable bond.

¶ 8    On April 24, 2020, at 3:37 p.m. the State filed its response to the defendant's Motion to Reduce Bail.  In that answer, the State conceded that the circuit court's no-bail orders should be vacated, admitting that, prior to the entry of the no-bail orders, it had not filed a verified petition seeking a hearing to determine whether bail should be denied as required by section 110-6.1(a).  As a remedy, however, the State requests that this court "remand the matter for a new bond hearing at which the trial court can hear all the evidence and determine what bond would be appropriate under the circumstances."  According to the State, "the trial court is in the best position to properly consider the totality of the circumstances and determine the appropriate bond."

¶ 9    Section 110-6.1 of the bail statute sets forth the requirements and procedures to be followed when bail is denied to an individual, such as the defendant in this case, who is charged with a nonprobationable felony.  That statute provides, in relevant part, that: "*Upon verified petition by the State,* the court shall hold a hearing to determine whether bail should be denied to a defendant who is charged with a felony offense for which a sentence of imprisonment, without probation, periodic imprisonment or conditional discharge, is required by law upon conviction, when it is alleged that the defendant's admission to bail poses a real and present threat to the physical safety of any person or persons." (Emphasis added.) 725 ILCS 5/110-6.1(a) (West 2018).

¶ 10    In this case, the State did not file a verified petition as required by section 110-6.1(a) prior to the entry of the circuit court's no-bail orders.  Clearly, the circuit court has the power to deny a defendant bail, but only when the statutory procedures are followed. *People v. Gil,* 2019 IL App (1st) 192419, ¶ 17.   Because, the statutory requirement that the State file a verified petition was not satisfied before the trial court entered its no-bail orders in this case, we vacate the orders denying the defendant bail and reverse the order denying the defendant's motion for reconsideration of those orders.   Having resolved this matter based upon the statutory violation, we need not address the defendant's request for relief based upon the COVID-19 outbreak.

¶ 11    As a remedy, the defendant requests that this court set bond.  However, we believe that the appropriate relief is to remand this matter to the circuit court with directions to conduct a bail hearing, allowing the parties to present evidence as to the monetary bond and other conditions necessary to assure both the defendant's appearance at trial and the protection of the public.  See *Id.,* ¶ 19.

¶ 12     Based upon the foregoing analysis, we vacate the orders of the circuit court denying the defendant bail, reverse the denial of his motion to reconsider the denial of those orders, and remand this matter to the circuit court to conduct a bail hearing.  The mandate in this case shall issue immediately.

Vacated in part, reversed in part and remanded with directions.